# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2011-063 |
| ) | |
| **AMJ, INC., and JAMES P. CARROLL as** ) | |
| **CHAPER 7 TRUSTEE OF THE ESTATE** ) | |
| **OF JEFFERY J. PROSSER, and SCHOONER** ) | |
| **BAY CONDOMINIUM ASSOCIATION,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**Attorneys:**
**Justin K. Holcombe, Esq.,**
St. Thomas, U.S.V.I.
   *For Plaintiff*

**Lawrence H. Schoenbach, Esq.,**
New York, NY
   *For Defendant AMJ, Inc.*

**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant James P. Carroll, Chapter 7*
   *Trustee of the Estate of Jeffrey J. Prosser*

**Robert. A. Waldman, Esq.**,
St. Croix, U.S.V.I.
   *For Defendant Schooner Bay Condominium Association*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on the Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 43) filed by Defendant AMJ, Inc. ("AMJ") pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff FirstBank Puerto Rico ("First Bank") opposes the Motion. For the reasons that follow, the Court will grant the Motion, without prejudice.

## I. BACKGROUND

This is a foreclosure action relating to Unit 222 of Stage 2A in Schooner Bay Condominium. FirstBank filed a Complaint on June 27, 2011 against Defendants AMJ and James P. Carroll ("Carroll") as Chapter 7 Trustee for the Estate of Jeffrey J. Prosser ("Prosser") seeking various declaratory judgments related to a note and mortgage, as well as the priority of various liens on Unit 222; a judgment foreclosing the mortgage and liens and ordering that Unit 222 be sold; and an order appointing a receiver. (Dkt. No. 1). On May 29, 2012, FirstBank filed a First Amended Complaint adding Defendant Schooner Bay Condominium Association ("SBCA"), a holder of liens allegedly junior to FirstBank's lien on Unit 222. (Dkt. No. 27).

FirstBank alleges the following regarding the respective parties' citizenship. FirstBank is a banking institution incorporated under the laws of Puerto Rico with its principal place of business in Puerto Rico, and thus a citizen of Puerto Rico for purposes of diversity jurisdiction. (*Id.* at ¶ 2). AMJ is a corporation organized under the laws of the U.S. Virgin Islands. (*Id.* at ¶ 4). Carroll, Chapter 7 Trustee of Prosser's estate, is a resident and citizen of the state of Massachusetts. (*Id.* at ¶ 5). SBCA is a U.S. Virgin Islands condominium association whose members are citizens of jurisdictions other than Puerto Rico. (*Id.* at ¶ 6).

Carroll filed an Answer to the First Amended Complaint on June 12, 2012. (Dkt. No. 28). On June 20, 2012 SBCA filed its Answer (Dkt. No. 30), as well as a Cross-Claim against AMJ and Carroll. (Dkt. No. 31). Carroll filed an Answer to SBCA's Cross-Claim on July 11, 2012. (Dkt. No. 33). AMJ filed a "Motion to Dismiss Plaintiff, FirstBank Puerto Rico's, First Amended Complaint and Defendant, Schooner Bay Condominium Association's, Cross-Claim for Lack of Subject Matter Jurisdiction" on November 4, 2012. (Dkt. No. 43). The Magistrate Judge of this Court appointed a receiver on June 14, 2013. (Dkt. No. 63).

## II. LEGAL PRINCIPLES

A Rule 12(b)(1) motion challenges a court's subject matter jurisdiction to hear a case. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997); Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions can take two forms: "facial attacks" or "factual attacks." A "facial attack" is similar to a Rule 12(b)(6) motion to dismiss, and challenges "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). A "factual attack" challenges the existence of facts sufficient to confer subject matter jurisdiction. *Carpet Grp. Int'l. v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000), *overruled in part on other grounds by Animal Sci. Prods. v. China Minmetals Corp.*, 654 F.3d 462 (3d Cir. 2011).

## III. DISCUSSION

AMJ contends that the First Amended Complaint should be dismissed for lack of subject matter jurisdiction because FirstBank has not established complete diversity. Specifically, AMJ argues that FirstBank has not met its burden of establishing (1) Prosser's citizenship and (2) the citizenship of each SBCA member.

The first issue the Court must address is whether AMJ's Motion is a facial or factual attack. Because a factual attack challenges, or controverts, the existence of facts, a Rule 12(b)(1) motion filed before the defendant has filed an answer or conducted discovery is by necessity a facial attack. *Askew v. Trs. of the Gen. Assembly of the Church of the Lord Jesus Christ of Apostolic Faith*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."); *Zubik v. Sebelius*, 911 F. Supp. 2d 314, 322–23 (W.D. Pa. 2012*); Zimmerman v. Wolff*, 622 F. Supp. 2d 240, 243

(E.D. Pa. 2008). AMJ has neither filed an answer nor conducted discovery in this matter. Therefore, the Court will treat AMJ's present Motion as a facial attack and evaluate "whether the allegations on the face of the [First Amended] [C]omplaint, taken as true, allege facts sufficient to invoke the [Court's] jurisdiction." *Common Cause of Pa.*, 558 F.3d at 257.

FirstBank alleges that this Court has subject matter jurisdiction over the action through diversity of citizenship. District courts have jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Complete diversity between all plaintiff and defendants in the action is required for a court to have jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806); *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009). FirstBank alleges that it is a citizen of Puerto Rico, and therefore, must properly allege that all of the Defendants are citizens of other states, U.S. territories, or foreign countries in order to survive this facial attack under Rule 12(b)(1). *See Kaufman*, 561 F.3d at 148.

**A.     Prosser's Citizenship**

FirstBank's First Amended Complaint alleges that "Defendant James P. Carroll, Chapter 7 Trustee of the Estate of Jeffrey J. Prosser . . . is a resident and citizen of the State of Massachusetts." (Dkt. No. 27 at ¶ 5). AMJ contends in its Opposition that for cases involving a trustee in bankruptcy, courts must look to the citizenship of the bankrupt, and not the trustee, for diversity of citizenship purposes. (Dkt. No. 43 at ¶ 5). Therefore, because FirstBank's "First Amended Complaint makes no allegation regarding [Prosser's citizenship] . . . [it] must be dismissed." (*Id.* at ¶ 7). For the reasons discussed below, the Court agrees.

In *Bush v. Elliott*, 202 U.S. 477, 483–84 (1906), the Supreme Court interpreted the Bankruptcy Act of 1898, 11 U.S.C. § 46, to establish the "special rule" that the citizenship of the

4

bankrupt, instead of the trustee, is considered for diversity purposes. 13E Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3606 at 303 n.67 (3d ed. 2009) (applying the term "special rule"). However, that iteration of the Bankruptcy Act was repealed in 1978. *In re Litig. Trust of MDIP, Inc.*, 2005 WL 1242157, at *4 (D. Del. May 25, 2005).

In its Opposition, FirstBank cites one district court in the Third Circuit that doubts the continued vitality of the special rule. *Litig. Trust of MDIP*, 2005 WL 1242157, at *4 ("[I]t is clear that 'the reasoning underlying this rule rests on a shaky foundation,' so the court is reluctant to apply it.") (quoting *Official Plan Comm. of Omniplex Communs. Grp., LLC v. Lucent Techs., Inc.*, 344 F. Supp. 2d 1194, 1196 (E.D. Mo. July 9, 2004)).[1] FirstBank also cites another district court in the Third Circuit that declined to apply the "now defunct" special rule. *Samson v. Allis-Chalmers Prods. Liab. Trust*, 1990 WL 87394, at *2 (E.D. Pa. June 21, 1990).[2] Based on these cases and the repeal of the Bankruptcy Act, FirstBank "respectfully submits that the more sound approach is consideration of Carroll's [the trustee's] citizenship." (Dkt. No. 51 at 4).

---

[1] In addition to doubting the special rule's survival of the repeal of the Banking Act of 1898, the court in *Litigation Trust of MDIP* declined to apply the rule because the "Trust [in the case] admit[ted] that it [was] not in fact a bankruptcy trustee that would have been subject to the now-repealed [Bankruptcy Act] in the first place . . . [because] the Trust's sole purpose was to liquidate and distribute MDIP's assets for the benefit of unsecured creditors." 2005 WL 1242157, at *4.

[2] The *Samson* court referenced "a now defunct provision of the bankruptcy code that stated that the citizenship of the bankrupt, rather than that of the trustee in bankruptcy, was determinative for purposes of diversity jurisdiction," but found "no reason to depart from the standard [for common law trustees] set forth by the Supreme Court of the United States . . ., and accordingly . . . look[ed] to the citizenship of the trustee to determine the citizenship of the defendant trust." 1990 WL 87394, at *2 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980)). *Navarro* noted, in a case involving a traditional trustee and not a bankruptcy trustee, that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others" and that "[f]or more than 150 years, the law has permitted trustees who meet this standard to sue in their own right, without regard to the citizenship of the trust beneficiaries." 446 U.S. at 464–66.

However, many courts across the country have continued to accept and apply the special rule. *See Carlton v. Baww, Inc.,* 751 F.2d 781, 787 (5th Cir. 1985); *Bueno-Irizarry v. Advanced Cardiology Ctr. Corp.*, 2010 WL 5072562 (D.P.R. Dec. 7, 2010); *Ramsbacher v. Fairchild Semiconductor Corp.*, 2008 WL 899360 (E.D. Tex. Mar. 31, 2008); *Pupo v. Chadwick's of Boston, Inc.*, 2004 WL 2480399 (S.D.N.Y. Nov. 4, 2004); *Lucent Techs.*, 344 F. Supp. 2d at 1196–97; *Gray v. Remley*, 2004 WL 951485 (M.D.N.C. Apr. 30, 2004); *Jackson Nat. Life Ins. Co. v. Greycliff Partners, Ltd.*, 960 F. Supp. 186 (E.D. Wis. 1997); *Nazar v. Estrada*, 1988 WL 142873, at *3 (D. Kan. Dec. 20, 1988); *see also* 13E Wright & Miller § 3606 at 302–03 ("Under the Bankruptcy Act it is the citizenship of the bankrupt rather than the citizenship of the trustee in bankruptcy that is determinative for diversity jurisdiction.").

Some courts reason that a comparison between the duties of a bankruptcy trustee and the duties of a trustee of a common law trust "sheds light on why diversity should be measured by the citizenship of the bankrupt parties." *Pupo*, 2004 WL 2480399, at *3–4 (using the citizenship of the bankrupt for diversity purposes in a case involving a Chapter 11 bankruptcy trustee); *Nazar*, 1988 WL 142873, at * 3 (using the citizenship of the bankrupt for diversity purposes in a case involving a Chapter 7 bankruptcy trustee). "A common-law trust is one in which a trustee holds title to property for the benefit of one or more beneficiar[ies]. The trustee assumes a nonbeneficial interest in the property for an unlimited duration." *Pupo*, WL 2480399, at *3 (citing THE RESTATEMENT (THIRD) OF TRUSTS §§ 2, 42 (2003)). Furthermore, "[b]ecause the trustee [holds] title to the trust, the right to manage the trust's assets, and control the litigation, the trustee's citizenship control[s]." *Id.* at *4 (citing *Navarro*, 446 U.S. at 465). By contrast, a bankruptcy "trustee's powers are cabined by statute and the limits of the judicial order of appointment." *Pupo*, WL 2480399, at *4. "Simply put, the term 'trustee' used in the context of a

6

common law trust with a corpus and beneficiaries has a fundamentally different meaning than a trustee in bankruptcy." *Id.* at *5.

The Court is persuaded that the arguable distinction between common law and bankruptcy trustees is a reasonable basis upon which to rest the continued reliance on the special rule announced in Bush, notwithstanding the repeal of the Bankruptcy Act interpreted in that case. Accordingly, based on Supreme Court precedent together with the reasoning discussed above, the Court will apply the special rule. Because FirstBank's First Amended Complaint fails to allege the citizenship of the bankrupt—namely, Prosser—it is deficient.

FirstBank argues that despite this deficiency, Prosser is not a citizen of Puerto Rico, and requests that the Court consider other cases in the public record to which Prosser was a party, "as evidence of Prosser's citizenship." (Dkt. No. 51 at 4) (citing *Carroll v. Prosser (In re Prosser)*, 2012 Bankr. LEXIS 339, at *5 (Bankr. D.V.I. Jan. 20, 2012); *Springel v. Prosser (In re Prosser)*, 2011 Bankr. LEXIS 411, at *170–71 n.123 (Bankr. D.V.I. Feb. 9, 2011); *Springel v. Prosser (In re Prosser)*, 2009 Bankr. LEXIS 3279, at *12–13 n.11 (Bankr. D.V.I. Oct. 9, 2009)). However, it is not the Court's role to rewrite FirstBank's Complaint to make its jurisdictional allegations for it, or to infer them from the public record. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.") (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). This is particularly true for allegations of subject matter jurisdiction. *McNutt*, 511 U.S. at 182 ("It is incumbent upon the plaintiff to properly allege the jurisdictional facts, according to the nature of the case."). The Supreme Court is clear about the limited nature of federal jurisdiction:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree. It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen*, 511 U.S. at 377.

Even given the deferential standard with which the Court reviews a facial attack, the fact remains that FirstBank's First Amended Complaint does not allege Prosser's citizenship. Therefore, while this Court takes the allegations in the First Amended Complaint as true—as it must—the First Amended Complaint is deficient in that it does not plead complete diversity. Accordingly, the Court must dismiss the Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction.

**B.   The Citizenship of Each SBCA Member**

FirstBank's First Amended Complaint alleges that "Defendant Schooner Bay Condominium Association ("SBCA") is a U.S. Virgin Islands condominium association whose members are citizens of jurisdictions other than Puerto Rico." (Dkt. No. 27 at ¶ 5). In its Motion to Dismiss, AMJ argues that because SBCA is an unincorporated association, its citizenship is the same as the citizenship of all of its members and, therefore, FirstBank's First Amended Complaint is deficient because it has not met its burden by establishing the citizenship of each SBCA member. (Dkt. No. 43 at ¶¶ 8–9).

AMJ is correct in asserting that, for diversity purposes, SBCA has the citizenship of all of the states where its members are citizens. "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citing *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)). However, AMJ is incorrect in asserting that FirstBank has failed to establish the citizenship of SBCA for diversity purposes.

FirstBank alleged that none of the SBCA members were citizens of Puerto Rico, and SBCA, in its Answer, admitted this allegation. (Dkt No. 30 at ¶ 6). If FirstBank's allegation is true, and none of the SBCA members are citizens of Puerto Rico, there is complete diversity of citizenship. Therefore, viewing AMJ's argument as a facial attack, and thereby taking the facts alleged in FirstBank's First Amended Complaint as true, the Court finds that FirstBank has properly pled diversity of citizenship as to SBCA.

C.     **FirstBank's Request for Leave to Amend**

In its Opposition, FirstBank requests leave to amend in the event that the Court finds that the First Amended Complaint is subject to dismissal. (Dkt. No. 51 at 5).[3] The Federal Rules of Civil Procedure encourage courts to "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under Rule 15(a), if a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed, such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the record is devoid of the factors cautioned in *Grayson*. Thus, the Court will grant FirstBank leave to amend.

---

[3] AMJ did not file a Reply to FirstBank's Opposition, and therefore did not respond to FirstBank's request for leave to amend its Complaint.

## IV. CONCLUSION

For the reasons stated above, the Court finds that FirstBank has not properly alleged complete diversity of citizenship with respect to Carroll/Prosser, and therefore dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is proper. Because the Court will grant FirstBank's request for leave to amend its Complaint, the dismissal will be without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 4, 2013                                   _____/s/_____
                                                          WILMA A. LEWIS
                                                          Chief Judge