DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| DLJ MORTGAGE CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2011-063 |
| ) | |
| AMJ, INC., and JAMES P. CARROLL as ) | |
| CHAPTER 7 TRUSTEE OF THE ESTATE ) | |
| OF JEFFREY J. PROSSER, and SCHOONER ) | |
| BAY CONDOMINIUM ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**Attorneys:**
**Justin K. Holcombe, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff DLJ Mortgage Capital, Inc.*

**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Defendant AMJ, Inc.*

**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant James P. Carroll, Chapter 7*
    *Trustee of the Estate of Jeffrey J. Prosser*

**Robert. A. Waldman, Esq.**,
St. Croix, U.S.V.I.
    *For Defendant Schooner Bay Condominium Association*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion for Summary Judgment filed by

Defendant AMJ, Inc. ("AMJ"). (Dkt. No. 90). Plaintiff DLJ Mortgage Capital ("DLJ") opposes

the Motion (Dkt. No. 95),[1] as does Defendant Schooner Bay Condominium Association ("Schooner Bay"). (Dkt. No. 94). For the reasons that follow, the Court will deny the Motion.

## I. BACKGROUND

This is a debt and foreclosure action relating to Unit 222 of Stage 2A in Schooner Bay Condominium. Then-Plaintiff FirstBank Puerto Rico ("FirstBank") filed a Complaint on June 27, 2011 against Defendants AMJ and James P. Carroll ("Carroll") as Chapter 7 Trustee for the Estate of Jeffrey J. Prosser ("Prosser") seeking various declaratory judgments related to a note and mortgage, as well as the priority of various liens on Unit 222; a judgment foreclosing the mortgage and liens and ordering that Unit 222 be sold; and an order appointing a receiver. (Dkt. No. 1). On May 29, 2012, FirstBank filed a First Amended Complaint adding Defendant Schooner Bay, a holder of liens allegedly junior to FirstBank's lien on Unit 222. (Dkt. No. 27).

On November 4, 2012, AMJ filed a "Motion to Dismiss Plaintiff, FirstBank Puerto Rico's, First Amended Complaint and Defendant, Schooner Bay Condominium Association's, Cross-Claim for Lack of Subject Matter Jurisdiction." (Dkt. No. 43). On September 4, 2013, the Court granted AMJ's Motion to Dismiss, finding that FirstBank had not pleaded complete diversity. The Court ruled that although the First Amended Complaint alleged the citizenship of Carroll as the Chapter 7 Trustee of Prosser's Bankruptcy Estate, it did not allege Prosser's citizenship. (Dkt. No. 68 at 8). By the same Memorandum Opinion and Order, the Court granted FirstBank's request for leave to amend the Complaint. *Id.* at 9.

On September 11, 2013, FirstBank filed its Second Amended Complaint. (Dkt. No. 76). With regard to the citizenship of the parties, FirstBank asserted that: (1) its place of incorporation and principal place of business was Puerto Rico, and it was deemed a citizen of Puerto Rico for

---

[1] DLJ was substituted as Plaintiff in this action on December 4, 2013 in place of FirstBank Puerto Rico. (Dkt. No. 87).

diversity purposes; (2) AMJ was a corporation organized under the laws of the U.S. Virgin Islands; (3) James Carroll, the Chapter 7 Trustee, was a citizen and resident of Massachusetts; (4) Jeffrey J. Prosser was a citizen and resident of Florida; and (5) Schooner Bay was a Virgin Islands condominium association whose members were citizens of jurisdictions other than Puerto Rico. *Id.*

On September 13, 2013 Schooner Bay filed its Answer (Dkt. No. 77); Carroll filed an Answer on September 25, 2013 (Dkt. No. 82); and AMJ filed its Answer on September 26, 2013. (Dkt. No. 83). On December 2, 2013, FirstBank filed a "Motion for Substitution of DLJ Mortgage Capital, Inc. as Plaintiff." (Dkt. No. 86). FirstBank explained that it had assigned the Note and Mortgage at issue to DLJ and, by virtue of that assignment, no longer had any valid interest in this action. *Id.* ¶¶ 1, 2. FirstBank added that "DLJ is a Delaware corporation with its principal place of business in New York, NY." *Id.* ¶ 3. The Court granted the Motion to Substitute on December 4, 2013 pursuant to Fed. R. Civ. P. 25(c). (Dkt. No. 87).[2]

Defendant AMJ filed its Motion for Summary Judgment on December 30, 2013, which was accompanied by a four-page Memorandum. (Dkt. No. 90). The Motion, to which two documents were appended, did not include a separate statement of material facts.

In its Response to AMJ's Motion, Schooner Bay attached correspondence dated December 27, 2013 that it had forwarded to AMJ's counsel, which contained a list of current names and addresses of Schooner Bay members. (Dkt. No. 94-1). None of the Schooner Bay members had Puerto Rico or Delaware addresses, although at least four members had New York addresses. *Id.* DLJ filed an Opposition on January 15, 2014. (Dkt. No. 95).

---

[2] Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by. . . the original party unless the court, on motion, orders the transferee to be substituted in the action[.]" Fed. R. Civ. P. 25(c).

## II. LEGAL PRINCIPLES

"Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Id.* (internal quotation marks omitted). The non-moving party "'must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements.'" *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "As to materiality, the substantive law will identify which facts are material." *Id.* In reviewing the evidence, the court may not weigh the evidence and must give the non-moving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

Local Rule of Civil Procedure 56.1 provides, in relevant part: "Each summary judgment motion shall be accompanied by a brief, affidavits and/or other supporting documents, including

a separate statement of the material facts about which the movant contends there is no genuine dispute." LRCi 56.1(a)(1).

### III. DISCUSSION

#### A. Procedural Irregularities

AMJ's Motion for Summary Judgment is deficient in that it did not include a separate Statement of Material Facts as to which there is no genuine issue. This is a clear violation of the Local Rules, which expressly provide that "[e]ach summary judgment motion shall be accompanied by . . . a separate statement of the material facts about which the movant contends there is no genuine dispute." LRCi 56.1(a)(1). On this ground, alone, the Court could deny AMJ's Motion. *See U.S. Dep't of Agriculture, Rural Housing Service v. Monsanto*, 2009 WL 982702, at *1 (D.V.I. Apr. 9, 2009) (finding motion for summary judgment deficient as it was not accompanied by a separate statement of material facts pursuant to LRCi 56.1(a)(1), and denying motion); *Byas v. Legislature of V.I.*, 2008 WL 5272618, at *1 (D.V.I. Dec. 17, 2008) (same).

However, with a warning to counsel for Defendant AMJ that the Court does not look favorably on such violations of its Local Rules, the Court will exercise its discretion to address the merits of the action, rather than to deny AMJ's Motion on procedural grounds. *See Crowley v. Chait,* 2004 WL 5434953, at *3 (D.N.J. Aug. 25, 2004) ("[T]his Court prefers to address the substantive merits of a motion as opposed to entering a perfunctory procedural dismissal.").

#### B. The Merits

AMJ argues that the Court lacks subject matter jurisdiction over this action because complete diversity of citizenship does not exist among the parties. AMJ asserts that it is a citizen of the Virgin Islands, Plaintiff DLJ is a Delaware corporation, but that Defendant Schooner Bay

"failed to provide discovery regarding its citizenship and thus, it and plaintiff are unable to prove its citizenship for purposes of invoking this Court's diversity jurisdiction." (Dkt. No. 90 at 1-2). AMJ adds that it made a "formal discovery request" of Schooner Bay on October 24, 2013 for the names and addresses of Schooner Bay's members; that Schooner Bay's attorney responded by e-mail on November 13, 2013 that he had requested the information from Schooner Bay and would provide it as soon as he received it; that by the close of discovery, Schooner Bay failed to provide that information; and therefore an "adverse inference" must be drawn that, had Schooner Bay complied with the discovery request, it would have shown that no diversity jurisdiction exists. *Id.* at 2-3. AMJ attached to its Memorandum the October 24, 2013 letter from its counsel to Schooner Bay's counsel, and the November 13, 2013 e-mail response from Schooner Bay's counsel. (Dkt. No. 90 at 7, 8).

Generally speaking, courts consider whether to draw an adverse inference against a party in the context of spoliation of evidence, *i.e,* in situations "where a party has altered, destroyed, or *failed to produce evidence* relevant to an issue in a case." *Thompson v. Bridgeton Bd. of Ed.*, 9 F. Supp. 3d 446, 451 (D.N.J. 2014) (citing *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012) (emphasis added)). In the Third Circuit, "[s]poliation occurs where '[1] the evidence was in the party's control; [2] the evidence is relevant to the claims or defenses in the case; [3] there has been actual suppression or withholding of evidence; and, [4] the duty to preserve the evidence was reasonably foreseeable to the party.'" *Id.* at 451-52 (quoting *Bull*, 665 F.3d at 73).

AMJ has put forth evidence that it made an October 24, 2013 request for the names and addresses of Schooner Bay members; followed up the request in a November 12, 2013 e-mail; and received a November 13, 2013 e-mail response from Schooner Bay's counsel that he had requested the information from Schooner Bay and would provide it as soon as he received it.

6

(Dkt. No. 90). However, no "adverse inference" may be drawn against Schooner Bay because it has not failed to produce evidence here. Although produced after discovery by letter dated December 27, 2013,[3] Schooner Bay provided AMJ with the list of its members and their citizenship that AMJ had requested. (Dkt. No. 96-4). This production of evidence by Schooner Bay undercuts the premise upon which an adverse inference may be grounded. Thus, the Court rejects AMJ's adverse inference argument.

While AMJ's "adverse inference" argument is not meritorious, this Court must still examine whether it possesses subject matter jurisdiction in this case. *See U.S. Express Lines Ltd. v Higgin*s, 281 F.3d 383, 388-89 (3d Cir. 2002). As indicated above, when FirstBank filed its Second Amended Complaint in September 2013, there was complete diversity of the parties on the face of the Complaint, as none of the Defendants were alleged to be citizens of Puerto Rico. (Dkt. No. 76). The question arises as to whether there was diversity jurisdiction after DLJ was substituted as Plaintiff for FirstBank in December 2013. In the Motion to Substitute, FirstBank asserted that DLJ was "a Delaware corporation with its principal place of business in New York, NY." (Dkt. No. 86 ¶ 3). Schooner Bay's membership list indicates at least four members with New York addresses. (Dkt. No. 94-1).[4]

"The key inquiry in establishing diversity is . . . the 'citizenship' of each party to the action." *Zambelli Fireworks Mfg. Co. Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). The rules of citizenship are "well established." *Id.* "A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of

---

[3] DLJ notes that AMJ requested the information one week before the discovery cutoff (set by Court Order for November 1, 2013, Dkt. No. 81). (Dkt. No. 95 at 4).

[4] The individuals with New York addresses are: Nancy Wierzbowski, Bellport, NY; Roderick and Marnie Charles, Buffalo, NY; Bill and Sharon Mitchell, Babylon, NY; and John and Veronica Rowe, Phoenicia, NY. Another unit is managed by a receiver, but the record owners are from Long Island City, NY. (Dkt. No. 94-1).

the state where it has its principal place of business." *Id*. The citizenship of unincorporated associations "is determined, for purposes of diversity jurisdiction, by looking to the citizenship of its members." *Johnson v. SmithKline Beecham Corp*., 724 F.3d 337, 350 (3d Cir. 2013); *see also* September 4, 2013 Memorandum Opinion in this case (finding that, "for diversity purposes, [Schooner Bay] has the citizenship of all the states where its members are citizens.") (Dkt. No. 68 at 8).

With its principal place of business in New York and incorporation in Delaware, DLJ is a citizen of New York and Delaware. Schooner Bay also has New York citizenship because citizenship is based on the domiciles of its members and it has at least four New York members. The fact that Plaintiff DLJ and at least four members of Defendant Schooner Bay have the same citizenship is immaterial for purposes of determining whether the Court has jurisdiction under the circumstances here because "[w]hether diversity jurisdiction exists is determined by examining 'the facts as they exist when the complaint is filed.'" *Onyiuke v. Cheap Tickets, Inc.*, 435 F. App'x 137, 138-39 (3d Cir. 2011) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989)). Here, that point would be when the Second Amended Complaint was filed, as the First Amended Complaint was dismissed because diversity jurisdiction was not properly pleaded. In the Second Amended Complaint, Plaintiff FirstBank asserted it was a citizen of Puerto Rico, and none of the Defendants were alleged to be citizens of Puerto Rico. Thus, complete diversity was pleaded. *Velger v. Carr*, 532 F. App'x 134, 135 (3d Cir. 2013) ("For diversity of citizenship to confer federal jurisdiction it must be complete: no plaintiff can be a citizen of the same state as any defendant.") (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Midlantic Nat'l Bank v. Hansen,* 48 F.3d 693, 696 (3d Cir. 1995)).

Three months after the Second Amended Complaint was filed, DLJ was substituted for FirstBank pursuant to Fed. R. Civ. P. 25(c). "[T]he citizenship of a party who is substituted under Rule 25 normally is immaterial if diversity of citizenship jurisdiction existed when the suit was commenced" as long as there is no "change in the nature of the right asserted." 13E Wright & Miller, Federal Practice & Procedure Juris. § 3608 (3d ed.) (citing, *inter alia, Smith v. Sperling,* 354 U.S. 91, 93 n.1 (1957) and *Brough v. Strathmann Supply Co.*, 358 F.2d 374 (3d Cir. 1966)); s*ee also Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71-72 (3d Cir. 1993) (opining that substitution under Rule 25(c) "does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case"). The substitution of DLJ for FirstBank did not change the nature of the rights asserted in this matter; it simply substituted the entity that is seeking debt and foreclosure relief. Consequently, the Court is satisfied that complete diversity exists in this case, and that it therefore has subject matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court finds that there is complete diversity of citizenship, and the Court therefore has subject matter jurisdiction over this action. Accordingly, the Court will deny AMJ's Motion for Summary Judgment.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 20, 2015 _____/s/_____
                                                                                                                     WILMA A. LEWIS
                                                                                                                     Chief Judge