DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| DLJ MORTGAGE CAPITAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2011-063 |
| | ) | |
| AMJ, INC., and JAMES P. CARROLL as | ) | |
| CHAPER 7 TRUSTEE OF THE ESTATE | ) | |
| OF JEFFREY J. PROSSER, and SCHOONER | ) | |
| BAY CONDOMINIUM ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Attorneys:**
**Justin K. Holcombe, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

**Lawrence H. Schoenbach, Esq.,**
New York, NY
    *For Defendant AMJ, Inc.*

**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant James P. Carroll, Chapter 7*
    *Trustee of the Estate of Jeffrey J. Prosser*

**Robert. A. Waldman, Esq.**,
St. Croix, U.S.V.I.
    *For Defendant Schooner Bay Condominium Association*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court on the Motion for Summary Judgment filed by Plaintiff DLJ Mortgage Capital, Inc. ("DLJ"). (Dkt. No. 91) and the "Response to Plaintiff's Motion for Summary Judgment and Motion for Summary Judgment on Cross-Claim against AMJ, Inc." filed by Defendant Schooner Bay Condominium Association ("Schooner Bay") (Dkt.

No. 97). Defendants AMJ, Inc. ("AMJ") and James P. Carroll, as Chapter 7 Trustee of the Estate of Jeffrey J. Prosser ("Carroll"), did not file an Opposition to DLJ's Motion. AMJ did not file an Opposition to Schooner Bay's Motion. For the reasons that follow, the Court will grant DLJ's Motion for Summary Judgment. The Court will grant in part and deny in part, without prejudice, Schooner Bay's Motion for Summary Judgment on its Cross-Claim against AMJ.

## I. BACKGROUND

On June 27, 2011, FirstBank Puerto Rico filed a Complaint against AMJ and James P. Carroll as Chapter 7 Trustee of the Estate of Jeffrey J. Prosser alleging causes of action for debt and foreclosure of real property. (Dkt. No. 1). The Court granted leave to Amend, and FirstBank filed a First Amended Complaint in May 2012, adding Schooner Bay as a Defendant. (Dkt. No. 27). AMJ filed a Motion to Dismiss in November 2012 based on a lack of diversity jurisdiction. (Dkt. No. 43). In September 2013, the Court granted that motion, finding that Plaintiff had not pleaded the citizenship of Jeffrey J. Prosser, but granted FirstBank leave to amend. (Dkt. Nos. 67, 68).

FirstBank filed a Second Amended Complaint on September 9, 2013 against AMJ, Carroll, and Schooner Bay. (Dkt. No. 76). In the Second Amended Complaint ("Complaint"), FirstBank asserts that AMJ owns real property ("the Condominium") described in the Warranty Deed as:

> Unit No. 222 of Stage 2A in Schooner Bay Condominium, a condominium according to the Declaration of Condominium dated 2/13/87, recorded 2/17/87 in the Office of the Recorder of Deeds, Office of the Lieutenant Governor, Christiansted, St. Croix as Document No. 659 as amended by First Amendment dated 4/26/88 and recorded 4/27/88, Doc. No. 2530/88, and as further amended by second amendment dated 1/9/89 and recorded 1/9/89, Doc. No. 86/89 establishing a plan of condominium ownership of a portion of Remainder Plot No. 64 and Plot No. 64E Estate Mount Welcome, Christiansted, St. Croix, U.S.V.I. as shown on Public Works Drawing No. 4313A as revised 12/21/88, together with 1.5576%

> undivided interest in the common elements declared in said Declaration of Condominium to be appurtenant to the above described condominium unit.

(Dkt. No. 93-1 at 2).

The Complaint alleges that Carroll is named as a Defendant in this action pursuant to V.I. Code Ann. tit. 28, § 532 because he holds a lien junior to the lien of FirstBank. (Dkt. No. 76, ¶ 9). Specifically, the Complaint alleges that Carroll obtained an order for entry of default and judgment by default, dated December 18, 2008, in the amount of $101,400.00, recorded on August 29, 2009. *Id.* The Complaint further provides that Schooner Bay was also named as a Defendant, pursuant to 28 V.I.C. § 532, because it holds two liens that are junior to the FirstBank lien for condominium common charges, water charges, and insurance payments. *Id.* ¶ 10. The first Schooner Bay lien, for $3,179.09, was recorded on November 4, 2009, and the second lien, for $5,473.58, was recorded on July 28, 2010. *Id.*

According to the Complaint, on July 18, 1989, AMJ executed and delivered to First Virgin Islands Federal Savings Bank ("First V.I.") an adjustable rate note (the "Note"), which obligated AMJ to pay First V.I. the principal amount of $165,000.00, together with interest at a rate of 12.50% per annum, in consecutive monthly installments beginning September 1, 1989. *Id.* ¶ 12.[1] To secure payment on the Note, AMJ executed a mortgage (the "Mortgage") on the Condominium in favor of First V.I., which was recorded on July 18, 1989. *Id.* ¶ 13.

The Complaint further alleges that AMJ defaulted under the terms and conditions of both the Note and the Mortgage for, *inter alia*, failing to make timely payments of principal and interest when due. *Id.* ¶ 14. FirstBank made a demand on AMJ for payment of the outstanding

---

[1] FirstBank merged with First V.I., and filed this action as successor-in-interest to First V.I. As a result of the merger, FirstBank replaced First V.I. "as the mortgagee and lender for all notes and mortgages formerly naming First V.I. as mortgagee, lender, and/or holder." (Dkt. No. 76, ¶ 3).

principal, interest, and late charges and, "absent payment, for the entire outstanding principal and interest thereafter." *Id.* ¶ 15.

FirstBank seeks judgment against AMJ, awarding FirstBank all amounts declared due on the Note; judgment declaring the relative priority of liens and declaring that the interests of all Defendants are subordinate to FirstBank's lien; judgment foreclosing the Mortgage and an order that the Condominium be sold; and a deficiency judgment against AMJ. (Dkt. 76 at 4-5).

Schooner Bay filed an Answer on September 13, 2013 (Dkt. No. 77); Carroll filed an Answer on September 25, 2013 (Dkt. No. 82); and AMJ filed an Answer on September 26, 2013. (Dkt. No. 83).

On December 2, 2013, FirstBank moved to substitute DLJ as Plaintiff, explaining that, on September 1, 2013, it had sold and assigned the Note and Mortgage to DLJ. (Dkt. No. 86); (Assignment, Dkt. No. 95-3). On December 4, 2013, the Magistrate Judge of this Court granted FirstBank's Motion to Substitute DLJ for FirstBank. (Dkt. No. 87).

On December 30, 2013, DLJ filed its Motion for Summary Judgment (the "Motion") (Dkt. No. 91), along with a Memorandum of Law in Support (Dkt. No. 92), and a Statement of Undisputed Facts (Dkt. No. 93), which contains a Declaration by Zane Barton, an employee of Select Portfolio Servicing, Inc. ("SPS"), the servicer and attorney-in-fact for DLJ. (Dkt. No. 93-3).

In its Memorandum, DLJ contends that it is entitled to summary judgment because it has established the authenticity of the Note and Mortgage; the existence and recordation of its lien; FirstBank's assignment of the Mortgage to DLJ; its entitlement to foreclose that lien; and the amount of indebtedness owed by AMJ. (Dkt. No. 92 at 5). In addition, DLJ asserts that its mortgage lien is a first priority lien because it was recorded prior to the date of the other liens on

the Condominium. *Id.* at 4-5. As a result, DLJ requests that its Mortgage be foreclosed, the Condominium be sold at a judicial sale, and the proceeds be distributed in accordance with the priority of liens as determined by the Court. *Id*. at 5.

In its Statement of Undisputed Material Facts in support of its Motion, DLJ has shown that, with regard to AMJ: (1) the Condominium is owned by AMJ pursuant to a warranty deed (Deed, Dkt. No. 93-1); (2) on July 18, 1989, AMJ executed and delivered to First V.I. the Note in which it promised to pay the principal sum of $165,000.00 (Note, Dkt. No. 93-2); (3) on the same day, AMJ executed the Mortgage, which provides DLJ—as successor-in-interest to FirstBank and First V.I.—with a lien against the Condominium to secure payment of the Note, and the Mortgage was recorded on July 18, 1989 (Mortgage, Dkt. No. 93-4); (4) FirstBank merged with First V.I., replacing First V.I. as the mortgagee and lender (Dkt. No. 93 ¶ 5); and (5) AMJ failed to make payments as required in the Note and Mortgage and is in default, and therefore FirstBank accelerated AMJ's indebtedness and demanded payment, which has not been made (Demand Letter, Dkt. No. 93-6).

In his Declaration, Zane Barton, Manager of Late Stage Collections at SPS, stated that he had access to and reviewed the records with regard to the loan at issue here. (Dkt. No. 93-3, ¶ 3). He further stated that he had knowledge of how those records were maintained as well as personal knowledge of the facts stated in his Declaration. *Id.* ¶¶ 3, 4. Mr. Barton explained that SPS's document management system creates business records at or near the time of the transactions described in them, and that the records are kept in the course of SPS's regularly-conducted business. *Id*. ¶ 3. Mr. Barton attested that the Note, Mortgage, Assignment, Demand Letter and Payoff Statement are true copies of the original documents in DLJ's files maintained by SPS. *Id.* at ¶ 8. The Declaration sets forth the amounts due and owing through December 15,

5

2013: $77,428.05 in unpaid principal balance; accrued interest from June 1, 2010 to December 15, 2013 of $21,194.09; escrow advances of $2,716.90; and insufficient funds charges of $15.00, for a total of $101,354.04. *Id.* ¶ 13. Mr. Barton asserted that interest accrues at the per diem rate of $10.88, and that late charges continue to accrue monthly at the rate of 5% of the overdue payment of principal and interest. *Id.*; Dkt. No. 93-7.

With regard to the junior liens on the Condominium, DLJ provided a copy of the "Order Granting Motion of James P. Carroll, Chapter 7 Trustee, for Entry of Default and Judgment by Default" for $101,400.00 from the District of the Virgin Islands Bankruptcy Court, dated December 18, 2008 and recorded on August 12, 2009. (Dkt. No. 93-8). DLJ also provided copies of Schooner Bay's November 4, 2009 Notice of Lien against the Condominium in the amount of $3,179.09, recorded on November 4, 2009 (Dkt. No. 93-9) and Schooner Bay's July 28, 2010 Notice of Lien in the amount of $5,473.58, recorded on July 28, 2010 (Dkt. No. 93-10).[2]

Schooner Bay filed a "Response to [DLJ's] Motion for Summary Judgment and Motion for Summary Judgment on Cross-Claim against AMJ, Inc." (Dkt. No. 97) and a Statement of Material Facts (Dkt. No. 98). Schooner Bay "takes no positions on the substantive provisions" in DLJ's Motion, as most of the allegations concern Defendant AMJ, but concedes that its lien on the Condominium is junior to DLJ's Mortgage by virtue of 28 V.I.C. § 922(a). (Dkt. No. 97 at 1, 2).

In its Motion for Summary Judgment on its Cross-Claim against AMJ, Schooner Bay asserts that it has a claim for

> all sums assessed by [Schooner Bay] against the subject property for the property's share of common charges that remain unpaid through the date of

---

[2] The November 4, 2009 lien indicates that Dawn Prosser owns the Condominium Unit 222, while the July 28, 2010 lien indicates that "Dawn Prosser (AMJ, Inc.)" owns the Condominium. (Dkt. Nos. 93-9, 93-10).

>foreclosure and that such sums constitute a lien on the property prior to all liens except only (i) tax liens on the property in favor of the Government of the Virgin Islands and (ii) all sums unpaid on the DLJ Mortgage.

*Id.* at 2. Schooner Bay provided an Affidavit signed by Brian O'Grady, Schooner Bay Treasurer, and an invoice dated January 21, 2014 for common charges on the Condominium assessed against AMJ. (Dkt. No. 97-1). Mr. O'Grady avers that, as of January 21, 2014, AMJ owes Schooner Bay the sum of $43,613.22 in assessments and interest on the Condominium, as shown in the invoice, which remain unpaid. *Id.* He also asserts that, pursuant to the Schooner Bay By-Laws, the unpaid assessments accrue interest at the rate of 18% per annum. *Id.* In its Brief in support of its Motion for Summary Judgment, Schooner Bay states that, pursuant to its Declaration, in the event it is "forced to take action to collect unpaid assessments, it is entitled to recover costs of collection, including reasonable attorneys' fees," and seeks a monetary judgment for $43,613.22 and a judgment of foreclosure subject only to the first priority DLJ Mortgage and property taxes. (Dkt. No. 97 at 4). However, Schooner Bay provided no documentary support for its assertion that it is entitled to 18% interest, and for its claim that it is entitled to costs and expenses, including attorney's fees.

AMJ did not respond to either DLJ's Motion for Summary Judgment, or Schooner Bay's Motion for Summary Judgment on its Cross-Claim against AMJ.[3]

## II. APPLICABLE LEGAL PRINCIPLES

### A. Summary Judgment

"Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that

---

[3] The Court denied AMJ's Motion for Summary Judgment on February 20, 2015 (Dkt. No. 90), rejecting AMJ's argument that complete diversity of citizenship did not exist and that the Court lacked subject matter jurisdiction over the Complaint. (Dkt. Nos. 100, 101).

the moving party is entitled to judgment as a matter of law." *Klein v. Weidner,* 729 F.3d 280, 283 (3d Cir. 2013) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Hart v. Electronic Arts, Inc.,* 717 F.3d 141, 148 (3d Cir. 2013) (internal quotation marks omitted). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or demonstrate that the adverse party failed to prove that there is no question of fact. Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the non-moving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

Notwithstanding that AMJ and Carroll did not respond to DLJ's Motion for Summary Judgment, the Court may not simply grant DLJ's Motion because "[t]he failure to respond to a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must

show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

To succeed on a debt and foreclosure action under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* (citing *Thompson v. Fla. Wood Treaters, Inc.,* 2009 WL 4730784, at *3 (D.V.I. Dec. 6, 2009)); *see also* Am. Jur. 2d Mortgages § 633 (2008) (foreclosure requires valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### III. ANALYSIS

#### A. DLJ's Motion for Summary Judgment

DLJ moves for summary judgment against all Defendants, arguing that there is no genuine issue of material fact that: (1) it is entitled to foreclose on the Condominium under the Note and Mortgage; (2) it is owed a debt; and (3) it has a first priority lien on the Condominium. (Dkt. No. 92).

1. **The Foreclosure Cause of Action**

DLJ has provided evidence to support the elements of its foreclosure cause of action against AMJ. It has shown that AMJ, via its attorney, executed the original Note and Mortgage, (Dkt. Nos. 93-1, 93-2, 93-4), which was assigned from FirstBank to DLJ in 2013. (Dkt. No. 93-5). With regard to the second element required to establish a foreclosure cause of action—that the debtor defaulted under the terms of the Note and Mortgage—DLJ provided evidence that AMJ defaulted by failing to make the payments due under those instruments. The Affidavit of Zane Barton, who reviewed and was personally familiar with DLJ's records concerning this loan, averred that "AMJ is in default under the terms and conditions of the Note and Mortgage for, among other things, its failure to make timely and complete monthly payments of principal and interest to DLJ." (Dkt. No. 93-3 ¶ 9). Mr. Barton went on to say that "[d]emand was made upon AMJ to bring its payments of overdue principal, interest, and late charges current within thirty (30) days" but "AMJ failed to cure its defaults within the time provided and is in default as of the date of th[e] Declaration [December 30, 2013]." *Id.* ¶¶ 10, 11; Dkt. No. 93-6.

Finally, DLJ demonstrated that it is authorized to foreclose on the Condominium mortgaged as security for the Note. The Mortgage provides that AMJ was required to "promptly pay when due the principal of and interest on the indebtedness evidenced by the Note." (Dkt. No. 93-4 ¶ 1). The Mortgage further provides that "upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to Borrower . . . . If the breach is not cured on or before the date specified in the notice, Lender at Lender's option may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding." *Id.* ¶ 18. Similarly, the

10

Note provides that if the borrower does not pay the full amount due every month, it would be in default; that the Note Holder, after sending notice for payment and not receiving payment, could accelerate the loan; and that the lender could invoke any remedies permitted by the security instrument without further notice to borrower. (Dkt. No. 93-2 ¶¶ 7, 11).

The Court finds that DLJ has shown that no genuine issue of material fact exists as to its right to foreclose on the Property, and will grant DLJ's Motion for Summary Judgment against Defendant AMJ on its foreclosure cause of action.

**2. The Debt Cause of Action**

In his Declaration, Mr. Barton asserted that, as of December 15, 2013, AMJ owed DLJ $101,354.04, consisting of $77,428.05 in unpaid principal balance; accrued interest from June 1, 2010 to December 15, 2013 of $21,194.09; escrow advances of $2,716.90; and insufficient fee charges of $15.00. (Dkt. No. 93-3 ¶ 13). Mr. Barton asserts that interest accrues at the per diem rate of $10.88 until the date of judgment and that late charges continue to accrue monthly at the rate of 5% of the overdue payment of principal and interest. *Id.*; Dkt. No. 93-7. Mr. Barton added that, pursuant to the Note and Mortgage, AMJ is liable for reasonable attorney's fees in bringing the action, as well as all expenses incurred by DLJ in collecting the loan. (Dkt. No. 93-3 ¶¶ 12, 14).

The Court will grant summary judgment to DLJ on the debt cause of action. The Court finds that the total amount of damages in this action through December 15, 2013 (exclusive of attorney's fees and costs) is: $77,428.05 in unpaid principal balance; accrued interest from June 1, 2010 to December 15, 2013 of $21,194.09; escrow advances of $2,716.90; and insufficient funds charges of $15.00, for a total amount due of $101,354.04. Interest continues to accrue at a

rate of $10.88 per diem until the date of Judgment, and at the statutory rate of 4.00% per annum thereafter.

### 3. Priority of Liens

It is undisputed that DLJ holds a first priority lien on the Condominium. The issue, pursuant to 28 V.I.C. § 533, is whether the lien of the Chapter 7 Trustee, Defendant Carroll, or the lien of Schooner Bay, is next in priority.[4]

Carroll's lien was recorded on August 12, 2009 (Dkt. No. 93-8) before Schooner Bay's two liens were recorded (November 4, 2009 and July 28, 2010). (Dkt. Nos. 93-9 and 93-10). Generally speaking, the Virgin Islands is a race notice jurisdiction. *Brodhurst v. Frazier*, 2012 WL 8123137, at *4 (V.I. Sept. 12, 2012); 28 V.I.C. § 124. This means that "'as between two competing parties[,] the interest of the party who first records the instrument will prevail.'" *Moco Investments, Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010) (citation omitted); *see also* Restatement (Third) of Property: Mortgages § 7.1 cmt. a (2012) ("Generally, the priority of mortgages and other interests in real estate is determined by the chronological order of their creation."). This would mean that, without more, Carroll's lien would hold a second priority position.

However, with regard to condominium liens, Virgin Islands law provides:

---

[4] Virgin Islands law requires the Court to set out the priority of liens when issuing a judgment of foreclosure. The pertinent statute provides:

> [w]hen a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest[,] such judgment shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property.

28 V.I.C. § 533.

> All sums assessed by the [condominium association] but unpaid for the share of the common expenses chargeable to any apartment shall constitute a lien on such apartment prior to all other liens except [tax liens] and all sums unpaid on a first mortgage of record. Such lien may be foreclosed by suit by the manager or Board of Directors, acting on behalf of the apartment owners, in like manner as a mortgage of real property.

28 V.I.C. § 922(a).

The Court finds that, by operation of law, specifically 28 V.I.C. § 922(a), Schooner Bay's lien is superior to Defendant Carroll's lien.[5] The Court therefore finds that DLJ has a first priority lien on the Condominium; Schooner Bay has a second priority lien; and Carroll has a third priority lien. 28 V.I.C. § 533. Accordingly, the Court will grant summary judgment in favor of DLJ on its claim of lien priority over Defendants Schooner Bay and Carroll.

### B. Schooner Bay's Motion for Summary Judgment against Cross-Claim Defendant AMJ

Based on the documentation provided by Schooner Bay, the Court will grant in part and deny in part, without prejudice, Schooner Bay's Motion for Summary Judgment on its Cross-Claim against AMJ. The Court will grant the Motion to the extent that, pursuant to 28 V.I.C. § 922(a), it finds that Schooner Bay is entitled to a monetary judgment against AMJ of $43,613.22 as of January 21, 2014. The Court notes that AMJ—which is represented by counsel and has otherwise litigated this case—has not responded to Schooner Bay's Motion or otherwise challenged this amount of unpaid assessments and interest that Schooner Bay asserts is due. The Court will therefore rely on the O'Grady Affidavit and the attached invoice (Dkt. No. 97-1) as

---

[5] The Court notes that DLJ, in its Motion for Summary Judgment, cited two liens, dated 2009 and 2010, recorded by Schooner Bay, totaling $8,652.66. (Dkt. Nos. 93-9, 93-10). However, in its Motion for Summary Judgment, Schooner Bay seeks a total of $43,613.22 from AMJ in unpaid assessments and interest as of January 21, 2014. (Dkt. No. 97). In any event, Schooner Bay's lien is a second priority lien.

providing documentary support for Schooner Bay's claim that it is owed $43,613.22 in unpaid assessments and interest as of January 21, 2014.

The Court will deny in part, without prejudice, Schooner Bay's Motion for Summary Judgment to the extent that it seeks: (1) interest at the rate of 18% per annum on the unpaid assessment; and (2) costs of collection, including reasonable attorney's fees. The Court finds that Schooner Bay has not supported either of these requests with sufficient evidence. If Schooner Bay wishes to file supplemental documentary support for its entitlement to pre-judgment interest at 18% per annum, and other costs of collection, including reasonable attorney's fees, it should do so by May 1, 2015.

### IV. CONCLUSION

For the reasons discussed above, the Court: (1) grants DLJ's Motion for Summary Judgment (Dkt. No. 91); (2) grants in part and denies in part, without prejudice, Defendant/Cross-Claimant Schooner Bay Condominium Association's Motion for Summary Judgment on its Cross-Claim against AMJ (Dkt. No. 97); and (3) determines the priority of liens as follows: (a) DLJ's Mortgage lien; (b) Schooner Bay's lien; and (c) the lien of Chapter 7 Trustee, Defendant Carroll.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 30, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge